## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                           Case No. 03-20081-01-JWL

**Edward Gaines,**

        **Defendant.**

### MEMORANDUM & ORDER

On February 25, 2004, Mr. Gaines was charged in a three-count indictment with conspiracy to distribute and to possess with intent to distribute cocaine; possession with intent to distribute cocaine; and possession with intent to distribute marijuana. Two days later, Mr. Gaines pled guilty to Count 1 of the superseding indictment. In the plea agreement executed by Mr. Gaines, he waived his right to appeal the sentence imposed or challenge it through collateral attack. On August 23, 2004, the court sentenced Mr. Gaines to a 235-month term of imprisonment. Judgment was entered on August 26, 2004.

On September 30, 2004, Mr. Gaines filed a "Motion to Reinstate Appeal Rights and Notice of Appeal of Sentencing" (doc. 106) in which he moves the court for an extension of time to file a Notice of Appeal, to accept his filing as a Notice of Appeal and to appoint counsel to represent him. In his motion, Mr. Gaines explains that he seeks to challenge his sentence in light of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The government opposes Mr. Gaines' motion on the grounds that Mr. Gaines expressly waived his right to

challenge his sentence on direct appeal and, thus, an order granting an extension of time to file an appeal would be ineffectual.[1] As explained below, Mr. Gaines' motion is retained under advisement pending the government's submission of a supplemental brief (to be filed no later than April 29, 2005) addressing the Tenth Circuit's recent opinion in *United States v. Garrett*, ___ F.3d ___, 2005 WL 768761 (10th Cir. Apr. 6, 2005), including whether that panel decision is the Circuit's final word on the issue addressed therein, as well as notifying the court whether a factual dispute exists concerning Mr. Gaines' assertion that he asked his attorney to file a notice of appeal or whether the government concedes that Mr. Gaines requested that his counsel file a notice of appeal but that his counsel understandably refused to file a notice of appeal in light of Mr. Gaines' broad waiver of his appellate rights. If a factual dispute exists concerning whether Mr. Gaines made such a request, the court will conduct an evidentiary hearing to resolve the dispute, assuming

---

[1] Mr. Gaines acknowledges that he waived certain appellate rights but asserts that the court, in light of *Blakely*, lacked jurisdiction to impose the sentence that it did and, thus, because jurisdiction can never be waived, his waiver is unenforceable. The court readily rejects this argument. The holding in *Blakely* simply does not implicate the court's jurisdiction or power to sentence a criminal defendant. *Cf. United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002) (summarily rejecting as "flatly wrong" the defendants' argument that an *Apprendi* error implicates the jurisdiction of a district court).

Mr. Gaines further suggests that he has the right to appeal because the government breached the plea agreement by successfully pressing "for punishment for the very conduct it had agreed to disregard" when it agreed to dismiss certain counts of the indictment. This argument, too, is rejected. The plea agreement executed by Mr. Gaines clearly reflects that all relevant conduct would be considered by the court for purposes of sentencing and, thus, there has been no breach on the part of the government. *See United States v. Sanchez*, 1997 WL 8842, at *2 (10th Cir. Jan. 10, 1997) (government did not breach agreement to dismiss other counts by presenting evidence of dismissed counts for sentencing purposes) (and cases cited therein).

that the *Garrett* opinion still reflects the law in the Tenth Circuit. Moreover, Mr. Gaines, assuming he qualifies under the pertinent rules, will be entitled to the appointment of counsel at such a hearing. *See Douglas v. California*, 372 U.S. 353, 358 (1963) (recognizing that the Sixth Amendment right to counsel extends to a criminal defendant's first appeal as of right); *Baker v. Kaiser*, 929 F.2d 1495 (10th Cir. 1991) (Sixth Amendment right to counsel applies to the period for perfecting an appeal). If, after the hearing, if any, the court determines that Mr. Gaines made such a request, present Tenth Circuit authority dictates that he is entitled to a delayed direct appeal of his criminal sentence. If, on the other hand, no factual dispute exists concerning whether Mr. Gaines asked his counsel to file a notice of appeal, then the court will grant Mr. Gaines' motion, again assuming that *Garrett* remains good law in the Circuit.

In *United States v. Garrett*, the defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 asserting that his counsel was ineffective in several respects, including failing to file an appeal despite the defendant's specific request that his counsel file a notice of appeal. ___ F.3d at ___. The government opposed the motion on the grounds that the defendant, in his plea agreement, had waived his right to appeal. *Id*. at ___. The district court denied the defendant's § 2255 motion on the grounds that the defendant's counsel could not "be faulted for failing to file a notice of appeal when the defendant had expressly waived his appellate rights" in connection with the plea agreement executed by the defendant. *Id.* at ___.

The Tenth Circuit granted a certificate of appealability (COA) on the issue of "whether counsel for defendant was ineffective for failing to file a Notice of Appeal where defendant had knowingly and willingly waived his right to appeal in a plea agreement." *Id*. at ___. In resolving

the COA question, the Circuit began by reviewing the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), in which the Court held that a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable and that, in such circumstances, a defendant is entitled to appeal without a showing that his appeal likely would have had merit. *Id.* at ___ (citing *Flores-Ortega*, 528 U.S. at 477-78).

The Circuit then examined the waiver executed by Mr. Garrett and noted that while the defendant's appellate rights had been "significantly limited" by his waiver, the waiver did not foreclose all appellate review of his sentence. *Id*. at ___. The Circuit thus held that if the defendant actually asked his counsel to perfect an appeal and his counsel ignored his request, he would be entitled to a delayed appeal "regardless of whether . . . it appears that the appeal will not have any merit." *Id.* at ___; *accord United States v. Snitz*, 342 F.3d 1154, 1157 (10th Cir. 2003) (when courts find that a requested appeal has not been taken, they do not consider the merits of arguments that the defendant might have made on appeal). Finally, the Circuit explained that any resulting criminal appeal would initially be evaluated in light of the defendant's waiver. ___ F.3d at ___. Ultimately, then, the Circuit vacated the district court's order and remanded the case for a hearing to determine whether the defendant requested counsel to file a notice of appeal. *Id*. at ___.

In his papers, Mr. Gaines asserts that "counsel was advised that Defendant wanted to appeal and did nothing to protect Defendant, in fact, told him there was nothing to appeal." While Mr. Gaines, like the defendant in *Garrett*, waived the vast majority of his appellate rights, his waiver

4

does not foreclose all appellate review.[2] In such circumstances, unless the government concedes that Mr. Gaines asked his counsel to file a notice of appeal, *Garrett* (assuming the opinion stands) dictates that the court conduct an evidentiary hearing to resolve the factual issue of whether Mr. Gaines asked his counsel to file a notice of appeal. If the government concedes that no factual issue exists, then Mr. Gaines' motion will be granted, again assuming that *Garrett* remains good law. Thus, Mr. Gaines' motion is retained under advisement pending supplemental briefing by the government as described in this order.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Gaines' "Motion to Reinstate Appeal Rights and Notice of Appeal of Sentencing" (doc. 106) is retained under advisement.

---

[2] The provision in the plea agreement by which Mr. Gaines waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

**IT IS FURTHER ORDERED BY THE COURT THAT** the government shall submit a supplemental brief addressing the issues described in this order on or before April 29, 2005.

**IT IS SO ORDERED** this 12th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
