IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                      Case No. 03-20081-01-JWL

**Edward Gaines,**

      **Defendant.**

## MEMORANDUM & ORDER

On February 25, 2004, Mr. Gaines was charged in a three-count indictment with conspiracy to distribute and to possess with intent to distribute cocaine; possession with intent to distribute cocaine; and possession with intent to distribute marijuana. Two days later, Mr. Gaines pled guilty to Count 1 of the superseding indictment. In the plea agreement executed by Mr. Gaines, he waived his right to appeal the sentence imposed or challenge it through collateral attack. On August 23, 2004, the court sentenced Mr. Gaines to a 235-month term of imprisonment. Judgment was entered on August 26, 2004. On June 20, 2005, this court concluded that Mr. Gaines was entitled to a delayed direct appeal of his sentence. On appeal, the Tenth Circuit granted the government's motion to enforce the waiver of rights contained in Mr. Gaines' plea agreement and dismissed Mr. Gaines' appeal.

This matter is now before the court on Mr. Gaines' motion for specific performance (doc. 161). In his motion, Mr. Gaines requests this court to enforce the written plea agreement executed by Mr. Gaines and the government. Specifically, Mr. Gaines asserts that the

government agreed to file a motion pursuant to U.S.S.G. § 5K1.1 and/or Federal Rule of Criminal Procedure 35 seeking a reduction of Mr. Gaines' sentence in exchange for Mr. Gaines' substantial assistance in the prosecution of one of Mr. Gaines' co-defendants, namely, his agreement to testify against Joshalyn Pair. Mr. Gaines asserts that he met his obligation to provide substantial assistance (despite the fact that he never testified against Ms. Pair), that his assistance in fact resulted in the conviction of Ms. Pair and that the government, in breach of its agreement, has not yet filed a Rule 35 motion.

In response, the government essentially contends that it did not request a downward departure because Mr. Gaines did not provide substantial assistance with respect to the prosecution or conviction of Ms. Pair. According to the government, Mr. Gaines was not a useful or credible witness with respect to the prosecution of Ms. Pair and Mr. Gaines played no part whatsoever in the prosecution or conviction of Ms. Pair, who entered a plea of guilty just two days after the entry of Mr. Gaines' guilty plea. In his reply to the government's response, Mr. Gaines presents facts wholly inconsistent with the facts presented in his initial motion According to Mr. Gaines, the government, just prior to the entry of Mr. Gaines' guilty plea, made an oral promise to Mr. Gaines that is not reflected in the written plea agreement. Specifically, Mr. Gaines asserts that the government promised "of a certainty" to recommend a downward departure if Mr. Gaines "gave up his suppliers" and agreed "to refuse to testify in favor" of his co-defendant, Joshalyn Pair (and not, as he had previously argued, to agree to testify against Ms. Pair). Mr. Gaines again asserts that he met his obligations under the agreement (because he

identified his suppliers and did not testify on behalf of Ms. Pair) and that the government has yet to fulfill its end of the bargain.

Mr. Gaines' reliance on the purported oral agreement is unavailing. Significantly, Mr. Gaines expressly stated his understanding at the plea hearing that the written plea agreement was complete and that no one had made any promises to him outside its provisions. Generally, the accuracy and truth of an accused's statement at a Rule 11 proceeding at which his plea is accepted are conclusively established "in the absence of a believable reason justifying departure from their apparent truth." *United States v. Jones*, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997) (quoting *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978)). Mr. Gaines has presented no reason to reject his statements under oath at the plea hearing; his papers do not even address the statements made by him under oath. Moreover, Mr. Gaines' initial motion contained no facts whatsoever concerning an alleged oral agreement or his promise to agree "not to testify in favor" of Ms. Pair. Mr. Gaines presented these facts for the first time in his reply brief and he readily admits that the facts in his reply brief contradict those facts set forth in his initial motion. In such circumstances, the facts presented by Mr. Gaines in his reply brief are insufficient to surmount the "formidable barrier" erected by his statement that no promises were made to him outside the context of the written plea agreement. *See United States v. Maranzino*, 860 F.2d 981, 985 (10th Cir. 1988) (where the defendant makes a statement, at the guilty plea hearing, that there are no promises other than those contained in the agreement, the statement erects a "formidable barrier" against any claim of agreements outside the written plea agreement

in a subsequent collateral proceeding).

Mr. Gaines is left, then, with the express terms of his written plea agreement with the government. By those terms, whether to file a motion based on Mr. Gaines' substantial assistance is entirely within the discretion of the government and its determination of whether Mr. Gaines has, in fact, provided substantial assistance. *See* Plea Agreement ¶ 6 (*"Upon the determination by the United States the defendant has provided substantial assistance*, the United States shall request that the Court consider reducing the sentence . . . ."). In other words, the plea agreement executed by the parties here does not unequivocally obligate the government to file a substantial assistance motion. Indeed, the court specifically explained this provision to Mr. Gaines during the Rule 11 plea colloquy: "No matter whether you think you've provided substantial assistance or Mr. Lickteig thinks you have or the court thinks you have, if counsel for the government doesn't think so and doesn't file a motion seeking a downward departure, there's nothing anybody can do about it." Mr. Gaines assured the court that he understood the provision as explained by the court.

The government's discretion, however, is not without limits and the government cannot refuse to file a substantial assistance motion "based on an unconstitutional motive" or for a reason that is "not rationally related to any legitimate Government end." *United States v. Moreno-Trevino*, 432 F.3d 1181, 1185 (10th Cir. 2005) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). Mr. Gaines' motion is devoid of any allegations that the government refused to file the motion because of an unconstitutional motive and he has not alleged that the

4

government's refusal to file the motion was not rationally related to any legitimate government end. Moreover, the government has advanced a rational justification for its decision not to file the motion–Mr. Gaines' numerous inconsistent and implausible versions of his criminal activities, rendering him a less-than-credible witness with respect to the prosecution of Ms. Pair. Thus, Mr. Gaines' motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Gaines' motion for specific performance (doc. 161) is denied.

**IT IS SO ORDERED** this 25th day of January, 2007.

s/ John W. Lungstrum_____
John W. Lungstrum
United States District Judge