**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

       **Plaintiff,**

**v.**                                                              **Case No. 03-20081-01-JWL**

**Edward Gaines,**

       **Defendant.**

## MEMORANDUM & ORDER

On February 25, 2004, Mr. Gaines was charged in a three-count indictment with conspiracy to distribute and to possess with intent to distribute cocaine; possession with intent to distribute cocaine; and possession with intent to distribute marijuana. Two days later, Mr. Gaines pled guilty to Count 1 of the superseding indictment. In the plea agreement executed by Mr. Gaines, he waived his right to appeal the sentence imposed or challenge it through collateral attack. On August 23, 2004, the court sentenced Mr. Gaines to a 235-month term of imprisonment. Judgment was entered on August 26, 2004. On June 20, 2005, this court concluded that Mr. Gaines was entitled to a delayed direct appeal of his sentence. On appeal, the Tenth Circuit granted the government's motion to enforce the waiver of rights contained in Mr. Gaines' plea agreement and dismissed Mr. Gaines' appeal.

On or about January 31, 2007, Mr. Gaines filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In light of Mr. Gaines' waiver of his right to collaterally attack his sentence and the Tenth Circuit's enforcement of that waiver provision, the

court, upon receipt of Mr. Gaines' motion, directed Mr. Gaines to show good cause why the court should not summarily deny his motion to vacate.

In response to the order to show cause, Mr. Gaines asserts that he received ineffective assistance of counsel in connection with the negotiation of both the plea agreement generally and the waiver specifically such that enforcing the waiver would be a miscarriage of justice under *Hahn*. While Mr. Gaines does not provide any factual support or evidentiary detail concerning this claim and his underlying motion to vacate does not assert this particular ineffective assistance claim in any respect, Mr. Gaines requests leave to amend his underlying motion to vacate to include an ineffective assistance claim concerning the negotiation of the waiver provision. The government has not replied to Mr. Gaines' response to the order to show cause. Thus, the court concludes that Mr. Gaines has shown sufficient cause to avoid a summary dismissal of his motion to vacate and the court will permit Mr. Gaines to file a supplemental pleading setting forth his new ineffective assistance claim. In responding to that pleading, the government will be permitted to raise any appropriate objections to the pleading.

With respect to the claims asserted in Mr. Gaines' initial motion to vacate, he contends only that his jurisdictional challenge remains viable despite the waiver on the grounds that such challenges may not be waived. Thus, if the court denies or dismisses Mr. Gaines' ineffective assistance claim concerning the negotiation of the plea and waiver, then the court will not resolve the merits of Mr. Gaines' remaining claims except for his jurisdictional challenge. For this reason, the court will defer briefing on Mr. Gaines' initial motion except to the extent the government desires to respond to Mr. Gaines' jurisdictional challenge. If the government

chooses to do so, it may respond to the jurisdictional challenge at the same time it responds to Mr. Gaines' supplemental pleading. In turn, Mr. Gaines may reply to the government's response, if any, to the jurisdictional challenge as well as his new ineffective assistance claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Gaines shall file a supplemental pleading concerning only his claim that he received ineffective assistance of counsel in connection with the negotiation of his plea and waiver no later than **Monday, June 11, 2007.** The government shall file its response to the motion (and any response to Mr. Gaines' jurisdictional challenge) no later than **Monday, July 9, 2007** and Mr. Gaines shall file his reply to that response no later than **Monday, August 6, 2007**.

**IT IS SO ORDERED** this 4th day of May, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3