**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                           )<br>                    Plaintiff,              )<br>                                                           )<br>         v.                                           )<br>                                                           )<br> EDWARD GAINES,                      )<br>                                                           )<br>                    Defendant.           )<br>                                                           ) | Case No.  03-20081-JWL<br>                  07-02054-JWL |

**MEMORANDUM AND ORDER**

On February 27, 2004, Edward Gaines pled guilty to conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine (docs. 73, 74). The United States Probation Office prepared a presentence report, recommending that Mr. Gaines be held accountable for 13.55 kilograms of cocaine, 15.79 pounds of marijuana, and 47.2 grams of cocaine base. Based on those drug quantities, the Probation Office calculated a base offense level of 34, which, with a two-level enhancement for role in the offense, a two-level enhancement for obstruction of justice, and a three-level adjustment for acceptance of responsibility, resulted in a total offense level of 35. With a criminal history category of IV, under the United States Sentencing Commission, *Guidelines Manual* (2003), this subjected Mr. Gaines to an advisory guideline range of 235- to 293-months imprisonment. He received a sentence of 235 months on August 26, 2004 (doc. 103).

On May 19, 2008, Mr. Gaines filed an unopposed Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 184). The court granted the motion on May 23, 2008, reducing the defendant's base offense level from 34 to 32, in accordance with Amendment 706 to U.S.S.G. § 2D1.1 Drug Quantity Table for cocaine base. With an amended total offense level of 33, Mr. Gaines' sentence was reduced from 235-months to 188-months imprisonment–the low end of the applicable guideline range.

Mr. Gaines has now filed a second Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 188). For the reasons set forth below, that motion is denied.

**ANALYSIS**

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply

to the defendant or do not have the effect of lowering the applicable guideline range.

Mr. Gaines seeks to have his sentence reduced by means of the retroactive application of Amendment 750 to U.S.S.G. § 2D1.1. *See* U.S.S.G. § 2D1.1 (2011); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July, 13, 2011) (on retroactivity). He was originally sentenced under the United States Sentencing Commission, *Guidelines Manual* (2003). In 2008, Mr. Gaines' sentence was reduced pursuant to retroactive Amendment 706. Based on that amendment, his total offense level was reduced from 35 to 33, and his sentence was reduced to 188-months imprisonments.

As relevant to Mr. Gaines' present motion, Amendment 750 revised the Drug Quantity Table set forth in § 2D1.1 to reflect statutory changes in the penalties for crack cocaine offenses. This amendment, however, does not have the effect of reducing the defendant's applicable guidelines range. To clarify, at sentencing, the court found that Mr. Gaines was accountable for 13.55 kilograms of cocaine, 15.79 pounds of marijuana, and 47.2 grams of cocaine base. Section 2D1.1 cmt. n. 10(B) requires that each of the differing controlled substances is converted to its marijuana equivalent to obtain a single offense level. Using the Drug Equivalency Table set forth in § 2D1.1 cmt. n. 10(D) (2011), Mr. Gaines' total offense level and applicable guideline range remain unchanged.

Because Amendment 750 does not provide for a lesser guideline range, the amendment is inapplicable to the defendant's case. *See* § 1B1.10(a)(2)(B). As the facts

establish that Mr. Gaines' sentence is not based on a guideline range that has subsequently been lowered by the Sentencing Commission, the court is without jurisdiction to consider a reduction of sentence under § 3582(c). *See United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Modify Sentence (doc. 188) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 3rd day of February, 2012.

        s/ John W. Lungstrum
John W. Lungstrum
United States District Judge