IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

v.                  Case No. 03-20081-01-JWL

**Edward Gaines,**

  **Defendant.**

## MEMORANDUM & ORDER

On February 27, 2004, Edward Gaines pled guilty to conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine. The United States Probation Office prepared a presentence report, recommending that Mr. Gaines be held accountable for 13.55 kilograms of cocaine, 15.79 pounds of marijuana, and 47.2 grams of cocaine base. Based on those drug quantities, the Probation Office calculated a total marijuana equivalency of 3,661.16 kilograms and a corresponding base offense level of 34 (at least 3000 kilograms but less than 10,000 kilograms of marijuana), which, with a two-level enhancement for role in the offense, a two-level enhancement for obstruction of justice, and a three-level adjustment for acceptance of responsibility, resulted in a total offense level of 35. With a criminal history category of IV, under the United States Sentencing Commission, Guidelines Manual (2003), this subjected Mr. Gaines to an advisory guideline range of 235- to 293-months imprisonment. He received a sentence of 235 months on August 26, 2004.

On May 19, 2008, Mr. Gaines filed an unopposed Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). The court granted the motion and reduced Mr. Gaines'

base offense level from 34 to 32, in accordance with Amendment 706 to U.S.S.G. § 2D1.1 Drug Quantity Table for cocaine base. With an amended total offense level of 33, Mr. Gaines' sentence was reduced from 235-months to 188-months imprisonment—the low end of the applicable guideline range. Mr. Gaines was subsequently denied relief under Amendment 750 in light of the reduction he received under Amendment 706.[1]

This matter is before the court on Mr. Gaines's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Gaines asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. The government opposes the motion. As will be explained, however, the court agrees with Mr. Gaines that he is eligible for the reduction and motion is granted.

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments

---

[1] Based on the court's marijuana calculations and its retracing of the relief sought by Mr. Gaines, it appears as if Mr. Gaines was not entitled to relief under Amendment 706 (he would have been accountable for 3255.24 kilograms of marijuana equivalent which still fell within a base offense level of 34) but was entitled to relief under Amendment 750 in light of the resulting change in the calculation of marijuana equivalency. In the end, the net result obtained by Mr. Gaines was correct—a two-level reduction in his base offense level.

to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

Amendment 750, which applies retroactively, equated 1 gram of crack cocaine to 3571 grams of marijuana. *See* U.S.S.G. App. C, amend. 750 (2011); U.S.S.G. 2D1.1, comment note 8(D); *United States v. Robinson*, 506 Fed. Appx. 840, 841 (10th Cir. 2013). Thus, the 47.2 grams of cocaine base attributed to Mr. Gaines is, pursuant to Amendment 750, now equivalent to 168.55 kilograms of marijuana.[2] The marijuana equivalencies for the other drugs attributable to Mr. Gaines were unchanged by Amendment 750—13.55 kilograms of cocaine equates to 2710 kilograms of marijuana and 15.79 pounds of marijuana equates to 7.16 kilograms of marijuana. Mr. Gaines is thus accountable for 2885.71 kilograms of marijuana equivalent, which under § 2D1.1, as amended by Amendment 782, results in a base offense level of 30. Utilizing the same enhancements and adjustments that applied at Mr. Gaines' sentencing, Mr. Gaines' total offense level is 31. With a criminal history category of IV, Mr. Gaines' amended guideline range is 151 to 188 months. Because Mr. Gaines received a low-end sentence initially, the court will resentence Mr. Gaines to a low-end sentence in the amended range—a sentence of 151 months imprisonment.

---

[2] While the court denied relief to Mr. Gaines under Amendment 750 in light of the fact that Mr. Gaines had obtained a two-level reduction by virtue of Amendment 706, he is nonetheless entitled to the retroactive benefit of Amendment 750's change in the calculation of marijuana equivalency for crack cocaine.

to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

Amendment 750, which applies retroactively, equated 1 gram of crack cocaine to 3571 grams of marijuana. *See* U.S.S.G. App. C, amend. 750 (2011); U.S.S.G. 2D1.1, comment note 8(D); *United States v. Robinson*, 506 Fed. Appx. 840, 841 (10th Cir. 2013). Thus, the 47.2 grams of cocaine base attributed to Mr. Gaines is, pursuant to Amendment 750, now equivalent to 168.55 kilograms of marijuana.[2] The marijuana equivalencies for the other drugs attributable to Mr. Gaines were unchanged by Amendment 750—13.55 kilograms of cocaine equates to 2710 kilograms of marijuana and 15.79 pounds of marijuana equates to 7.16 kilograms of marijuana. Mr. Gaines is thus accountable for 2885.71 kilograms of marijuana equivalent, which under § 2D1.1, as amended by Amendment 782, results in a base offense level of 30. Utilizing the same enhancements and adjustments that applied at Mr. Gaines' sentencing, Mr. Gaines' total offense level is 31. With a criminal history category of IV, Mr. Gaines' amended guideline range is 151 to 188 months. Because Mr. Gaines received a low-end sentence initially, the court will resentence Mr. Gaines to a low-end sentence in the amended range—a sentence of 151 months imprisonment.

---

[2] While the court denied relief to Mr. Gaines under Amendment 750 in light of the fact that Mr. Gaines had obtained a two-level reduction by virtue of Amendment 706, he is nonetheless entitled to the retroactive benefit of Amendment 750's change in the calculation of marijuana equivalency for crack cocaine.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Gaines' motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 199) is **granted as described herein** and Mr. Gaines' sentence is **reduced from 188 months to 151 months imprisonment**. All other provisions of the judgment dated August 23, 1004 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 1st day of May, 2015, at Kansas City, Kansas.

**Effective Date:  November 1, 2015**.

                                              __s/ John W. Lungstrum_____
                                              John W. Lungstrum
                                              United States District Judge